Edward W. McBride, Jr. (8236)
Ted McBride Law Office
4873 South State Street
Murray, Utah 84107
Telephone: (435) 640-8558
Tedmcbride13@gmail.com

*Attorney for Plaintiff*

_____

# IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE STATE OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| GEORGE E. HARPER, an individual, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> LINDON CITY, a municipal corporation, : <br> : <br> Defendant, : <br> : <br> : | **COMPLAINT** <br><br> Civil Case No. 2:18-cv-00772-EJF <br><br> Magistrate Judge Evelyn J. Furse |

_____

Plaintiff, by and through counsel, claim, allege and assert for cause of action, as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 3613, and 42 U.S.C. § 1213.

2. Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 3613(c)(1) and 42 U.S.C. § 12133, as well as Rules 57 and 65 of the Federal Rules of Civil Procedure.

1

3. Venue is proper in the United States District Court for the District of Utah as all acts complained of occurred within this District.

**PARTIES**

4. Plaintiff George E. "Bud" Harper is an individual residing in Utah County, State of Utah.

5. Plaintiff owns a residential treatment center in Mapleton, Utah, known as Maple Mountain Recovery, and now seeks to open a similar group home at 1422 E. 155 South, Lindon, Utah 84664.

6. Defendant Lindon City is a municipal corporation organized and existing pursuant to the laws of the State of Utah. Lindon City is responsible for acts of its agents and employees, and is responsible for the enforcement of its zoning, building and property maintenance codes.

**STATEMENT OF THE CASE**

7. Sometime prior to November 2017, Plaintiff Harper acquired the "residence" located at 1422 E. 155 South, Lindon, Utah 84042.

8. During November 2017, Plaintiff Harper communicated with Lindon City Planning Commissioner Hugh Van Wagenen regarding Plaintiff's to use the residence as a group home for recovering addicts.

9. On or about November 16, 2017, Plaintiff Harper submitted a site plan, house plans and an application for a Conditional Use Permit, including the $500.00 fee payable to the Defendant Lindon City.

10. Sometime thereafter, Defendant Lindon City advised Plaintiff Harper that it was in the process of updating its municipal code, and that the application would be considered under the new, forthcoming standards.

11. Sometime thereafter, Plaintiff Harper supplemented his initial application and provided a letters from Clinical Director, Hanna LaBaron, and Craig Ramsey, LMFT, regarding the therapeutic need to have a capacity of at least 16 residents.

12. Ms. LaBaron opined: In my 18 year career of working in the mental health and substance abuse field and in 8 different facilities, I have found that treatment centers that are smaller than 16 client capacity are not as effective and lack in therapeutic community, because the group is a natural support system and a therapeutic tool for the individuals. . . . In my opinion, 24 clients is the ideal therapeutic community size, but 16 is adequate.

13. Mr. Ramsey explained the need for the capacity of 16.

14. Upon information and belief, sometime prior to August 2018, Defendant Lindon City updated or supplemented its municipal code with respect to residential care facilities.

15. Lindon City Code, Section 5.42 addresses licensure requirements for residential care facilities.

16. Lindon City Code, Section 5.42.040 establishes a "temporary" licensure mechanism in which an applicant who otherwise satisfies the criteria, terms and conditions of the chapter, may be granted this temporary license.

17. Lindon City Code, Chapter 17.70, Residential Care Facilities, sets forth the standards for review of a group home application.

18. Lindon City Code, Section 17.70.030 states, in part:

3

- A Residential Care Facility shall be a permitted use in all residential, commercial, and mixed commercial zones.

- Prior to approval of the site plan, the owner/operator of a Residential Care Facility shall obtain a Residential Care Facilities Business License from Lindon City.

19. Lindon City Code, Section 17.70.060 provides a process for an applicant to make a request for a reasonable accommodation.

20. The Code provides that the request goes to the Planning Commissioner who conducts an informal hearing and issues a written decision.

21. On August 16, 2018, a Reasonable Accommodation Request hearing was held before Lindon City Planning Director Hugh Van Wagenen.

22. Plaintiff Harper appeared at the hearing and provided information relating to the residence.

23. Plaintiff Harper did not repeat or read each piece of evidence which had been previously provided to Defendant Lindon City, as described herein.

24. According to Joint Statement of the Department of Housing and Urban Development and the Department of Justice, dated November 10, 2016, the government must show that granting the accommodation would impose an undue financial and administrative burden on the local government or would fundamentally alter the local government's zoning scheme.

25. Plaintiff Harper advised the Planning Commissioner that this was the appropriate standard to apply to the request for reasonable accommodations.

26.     Defendant Lindon City did not apply this standard.

27.     Instead, Defendant Lindon City created its own self-serving "standard of proof."

28.     In his decision dated August 24, 2018, Mr. Van Wagenen stated that Plaintiff Harper had failed to meet the burden of proof regarding the "necessity" of having 16 potential occupants.

29.     Exhibit B to the Denial of Request for Reasonable Accommodation outlines the requirements of Lindon City Code, Section 17.70.030.

30.     Mr. Van Wegenen cites that "no site plan has been provided" when, in fact, the site plan was submitted to him, in person, on November 16, 2017.

31.     Mr. Van Wegenen cites that no business license had been issued from Lindon City pursuant to the requirements of Chapter 5.42, but ignores Section 5.42.040 which provides for temporary licensure so that the City business license could be procured.

32.     Defendant Lindon City is playing a "chicken and egg" game with its conflicting procedures to have a business license and a residential care facilities license, while at the same time ignoring the site plan and the statutory authority to issue a temporary license.

33.     Mr. Van Wegenen cites the City Code which states that no residential care facility shall exceed eight residents.

34.     Defendant Lindon City's code limiting group homes to 8 residents violates the Fair Housing Act.

35.     Mr. Van Wagenen also wrote: "While it is not the City's position that the term "fully handicap accessible" as used in Sec. 17.70.030 requires the applicant to meet ADA compliance for a structure built for a public accommodation or commercial purposes, the code

5

clearly requires a structure to meet all building codes and safety regulations that are applicable for a single-family structure or similar dwelling. This would include ADA requires. . ."

36. Plaintiff Harper advised the Planning Commissioner that he could accommodate physically disabled people at his other facility in Mapleton, Utah.

37. Upon information and belief, there are many residential rehabilitation centers in Utah which are not ADA compliant, and in some instances, refer to other facilities as needed. Those include: The Cirque Lodge, Chateau, Renaissance Ranch, Deer Hollow and more.

38. Defendant Lindon City has indicated to Plaintiff Harper that he may need to install an elevator into the home and make other modifications as they deem necessary.

39. The Denial of Request for Reasonable Accommodation is illegal in that it violates the Fair Housing Act.

40. As a result of Defendant Lindon City's refusal to accommodate individuals protected under the Federal Fair Housing Act, Plaintiff Harper has been damaged.

## CLAIMS FOR RELIEF

## COUNT I
## DECLARATORY RELIEF – DISCRIMINATORY ON ITS FACE

41. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 40 above as if fully set forth herein.

42. Defendant Lindon City's municipal code Chapter 17.70, Residential Care Facilities, provide that no Residential Care Facility shall exceed 8 occupants.

43. Defendant Lindon City's municipal code Chapter 17.70, Residential Care Facilities, provide that prior to the approval of a site plan, a Residential Care Facilities Business License must be obtained from the City pursuant to Chapter 5.42.

44. Defendant Lindon City's municipal code Chapter 5.42, Residential Care Facility Business License, provides that a business license is required – Section 5.42.030.

45. Section 5.42.040 provides for temporary licensure for a Residential Care Facility as described in Chapter 17.70, but Defendant Lindon City did not utilize this portion of the statute.

46. Defendant Lindon City's municipal code Chapter 5.42, Residential Care Facility Business License, and section Chapter 17.70 Residential Care Facility, each require a business license that is a pre-requisite to the other.

47. Chapters 5.42 and 17.70 are discriminatory on its face in the following respects:
   a. Limiting the number of occupants in a Residential Care Facility to eight (8);
   b. Failing to incorporate the proper legal standard in Section 17.70.060, Reasonable Accommodations; and,
   c. Providing circularity in the process of obtaining a site plan (Section 17.70.030) and business license (Section 5.42.050) so that each is a pre-requisite of the other;

48. The Court should enter and order a Declaration that Lindon City's municipal code Chapter 5.42, Residential Care Facility Business License and Chapter 17.70 Residential Care Facility; is discriminatory on its face.

## COUNT II
## FAIR HOUSING ACT

49. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 48 above.

50. Under the Fair Housing Act, it is unlawful to discriminate against or otherwise make unavailable or deny a dwelling to any buyer or renter because of a handicap. 42 U.S.C. § 3604(f)(1).

51. It is also unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person or persons residing in or intending to reside in that dwelling after it is sold, rented, or made available. 42 U.S.C. § 3604(f)(2).

52. The federal regulations implementing the Fair Housing Act specifically prohibit, as a discriminatory activity, providing municipal services differently because of handicap. 24 C.F.R. 100.70(d)(4).

53. The federal regulations implementing the Fair Housing Act further make it unlawful, because of a handicap, "to restrict or attempt to restrict the choices of a person by word or conduct in connection with seeking, negotiating for, buying or renting a dwelling so as to . . . discourage or obstruct choices in a community, neighborhood or development." 24 C.F.R. § 100.70(a).

54. Defendant Lindon City is violating Plaintiff's rights under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*, and its implementing regulations by:

   a. denying and otherwise making housing unavailable to persons with a disability;
      i. denying reasonable accommodations in rules, policies, or practices so as to afford people with disabilities;
      ii. discriminating against Plaintiff by disparate treatment;
      iii. discriminating against Plaintiff by implementing and enforcing Municipal law that provides disparate impact of law, practice or policy.

55. For the above-mentioned reasons, Plaintiff seeks monetary damages and injunctive relief.

## RELIEF SOUGHT AS TO ALL ACCOUNTS

**WHEREFORE**, Plaintiff prays for relief as follows:

1. Enter a declaratory judgment that Defendant Lindon City has violated Plaintiff's rights under the Fair Housing Act;

2. Enter a temporary restraining order and/or preliminary and permanent injunction enjoining Defendant Lindon City from enforcing its code as outlined herein;

3. Award compensatory damages not less than $3,000,000.00;

4. Grant an award of reasonable costs and attorney fees; and

5. Order other such relief as the Court deems just and proper.

### PLAINTIFF HEREBY DEMANDS A JURY TRIAL

DATED this 2st day of October, 2018.

**EDWARD W. MCBRIDE, PC**

/S/ Edward W. McBride, Jr.

Edward W. McBride, Jr.
*Attorney for Plaintiff*