IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GEORGE E. HARPER, an individual,<br><br>                Plaintiff,<br>v.<br><br>LINDON CITY, a Utah Municipal corporation,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO INTERVENE<br><br>Case No. 2:18-cv-772 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

       This matter is referred to the undersigned in accordance with 28 U.S.C. 636 (b)(1)(A) from Judge Dale Kimball.[1] Pending before the court is a Motion to Intervene filed by movant Fair Care Lindon.[2] Fair Care also seeks expedited treatment of the motion.[3] There is a Motion for Preliminary Injunction,[4] also pending before the court, in which Fair Care seeks to participate. As set forth below the court finds the relevant factors are met and grants the motion.

       This case concerns a denial by Lindon City of a request made by Plaintiff George Harper. Mr. Harper sought an accommodation to operate a 16-bed inpatient addiction treatment and recovery center in a residential zoned location. In November 2017, Mr. Harper submitted a plan and application for a conditional use permit for the center. Proposed intervenor, Fair Care, participated in the administrative proceedings concerning the facility and submitted written

---

[1] ECF No. 8.

[2] ECF No. 16.

[3] ECF No. 23.

[4] ECF No. 18.

objections and an opposition brief with evidence from an expert Dr. John Majer. In August 2018, Lindon City issued a written decision denying Mr. Harper's request.[5]

Mr. Harper brings the current action claiming discrimination and alleging violations of the Fair Housing Act.[6] Fair Care is a "group of city residents who own homes and live near the proposed inpatient treatment center, who participated in the administrative proceedings referenced in the Complaint."[7] Fair Care claims their property interests will be "directly impacted by the treatment center" and seeks to intervene as a party defendant so it can defend these property and homeownership interests. Fair Care seeks to intervene under Federal Rule 24(a) Intervention as of Right, or under Rule 24(b) Permissive Intervention.[8]

I. Intervention as of Right

"Rule 24(a)(2) entitles a movant to intervene as of right if: (1) the movant claims an interest relating to the property or transaction that is the subject of the action; (2) the disposition of the litigation may, as a practical matter, impair or impede the movant's interest; and (3) the existing parties do not adequately represent the movant's interest."[9] The Tenth Circuit follows "a somewhat liberal line in allowing intervention."[10] The Rule 24(a)(2) factors are intended to "capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation," and "[t]hose factors are not rigid, technical requirements."[11] For

---

[5] *See* ECF No. 16-23.

[6] Complaint p. 6-7, ECF No. 2.

[7] ECF No. 16 p. 1.

[8] *See* Fed. R. Civ. P. 24.

[9] *WildEarth Guardians v. Nat'l Park Service*, 604 F.3d 1192, 1198 (10th Cir. 2010).

[10] *WildEarth Guardians v. USFS*, 573 F.3d 992, 995 (10th Cir. 2009) (internal quotation marks, brackets, and citation omitted).

[11] *San Juan County v. United States*, 503 F.3d 1163, 1195 (10th Cri. 2007) (*en banc*).

example, the interest element contains practical considerations of efficiency, due process and economy of resources for all those involved.[12] The Tenth Circuit's liberal line in allowing intervention supports these practical considerations.

Here, the court finds Rule 24(a)(2)'s factors are met. First, the interest element provides guidance in seeking to dispose of "lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[13] Fair Care has an interest in property values and their homeownership, which will be located close to the proposed facility. Defendant Lindon City's code acknowledges the interests of property owners and permits requests for review of proposals.[14]

Next, the second element—the disposition of the litigation may impair or impede the movant's interest—presents a minimal burden.[15] "[A] would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied."[16] That burden is easily met. Plaintiff seeks a permanent injunction enjoining Lindon City from enforcing its code. Whether or not this injunction is granted will impact Fair Care's legal interest in its property.

The third element is also easily satisfied by Fair Care. "[T]he *inadequate repsentation* element of Rule 24(a)(2) also presents a minimal burden. The movant must show only the possibility that representation may be inadequate."[17] Here, Lindon City will be interested in defending its zoning practices and the objectives behind its regulations. Concern over the values

---

[12] *See id.*

[13] *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1252 (10th Cir 2001) (citations and quotations omitted).

[14] *See, e.g.,* Lindon City Code § 17.70.050 (noting the procedure for review and approval of an application for a new residential care facility) accessible at https://lindon.municipal.codes/Code/17.70.050 (last accessed December 11, 2018).

[15] *See WildEarth Guardians v. Nat'l Park Service*, 604 F.3d at 1199.

[16] *WildEarth Guardians v. USFS*, 573 F.3d at 995.

[17] *WildEarth Guardians v. Nat'l Park Service*, 604 F.3d at 1200.

of the proposed intervenors property, or other concerns such as traffic congestion and safety for the particular neighborhood, may not be as prevalent in Lindon City's defense. As noted by the Tenth Circuit, "[w]here a government agency may be placed in the position of defending both public and private interests, the burden of showing inadequacy of representation is satisfied."[18] Defendant Lindon City also does not oppose Fair Cares intervention in this matter.

Finally, the court notes that it has reviewed Plaintiff's objections to Fair Care's motion and finds the arguments unpersuasive, unsupported and lacking in any basis. Plaintiff cites to no precedent and makes unsupported bald assertions.

ORDER

Fair Care's Motion to Intervene is HEREBY GRANTED. The Motion to Expedite is rendered MOOT by this decision.

IT IS SO ORDERED.

DATED this 12 December 2018.

Brooke C. Wells
United States Magistrate Judge

---

[18] *Id.*