**EDWARD W. MCBRIDE, JR. (8236)**
**TED MCBRIDE LAW OFFICE**
4873 South State Street
Murray, Utah 84107
Telephone: (435) 640-8558
Tedmcbride13@gmail.com

*Attorney for Plaintiff*

_____

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE STATE OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| GEORGE E. HARPER, an individual, | : |
| Plaintiff, | : |
| v. | : **FIRST AMENDED** |
| | : **COMPLAINT** |
| LINDON CITY, a municipal corporation, | : Civil No. 2:18CV00772 |
| and HUGH VAN WAGENEN, a Utah resident, | : |
| | : District Court Judge Dale A. Kimball |
| Defendants, | : |
| | : Magistrate Judge Brooke C. Wells |

_____

Plaintiff, George Harper, by and through counsel of record, hereby claims, alleges, asserts and complains as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 3613, and 42 U.S.C. § 1213.

2. Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201, 42 U.S.C. §3613(c)(1) and 42 U.S.C. § 12133, as well as Rule 57 Declaratory *Judgment* and Rule 65 *Injunctions and Restraining Orders* of the Federal Rules of Civil Procedure.

3. Venue is proper in the United States District Court for the District of Utah as all acts complained of occurred within this District.

## PARTIES

4. Plaintiff George E. "Bud" Harper is an individual residing in Utah County, State of Utah.

5. Plaintiff owns a residential treatment center in Mapleton, Utah, known as Maple Mountain Recovery, and now seeks to open a similar group home at 1422 E. 155 South, Lindon, Utah 84664.

6. Defendant Lindon City is a municipal corporation organized and existing pursuant to the laws of the State of Utah. Lindon City is responsible for acts of its agents and employees and is responsible for the enforcement of its zoning, building and property maintenance codes.

7. Defendant Hugh Van Wagenen is an Utah resident and at all times mentioned herein was acting under color of state law.

## STATEMENT OF THE CASE

8. Sometime prior to November 2017, Plaintiff Harper acquired the "residence" located at 1422 E. 155 South, Lindon, Utah 84042.

9. During November 2017, Plaintiff Harper communicated with Lindon City Planning Commissioner Hugh Van Wagenen regarding Plaintiff's to use the residence as a group home for recovering addicts.

10. On or about November 16, 2017, Plaintiff Harper submitted a site plan, house plans and an application for a Conditional Use Permit, including the $500.00 fee payable to the Defendant Lindon City.

11. Sometime thereafter, Defendant Lindon City advised Plaintiff Harper that it was in the process of updating its municipal code, and that the application would be considered under the new, forthcoming standards.

12. Sometime thereafter, Plaintiff Harper supplemented his initial application and provided a letters from Clinical Director, Hanna LaBaron, and Craig Ramsey, LMFT, regarding the therapeutic need to have a capacity of at least 16 residents.

13. Ms. LaBaron opined: In my 18-year career of working in the mental health and substance abuse field and in 8 different facilities, I have found that treatment centers that are smaller than 16 client capacity are not as effective and lack in therapeutic community, because the group is a natural support system and a therapeutic tool for the individuals. . . . In my opinion, 24 clients is the ideal therapeutic community size, but 16 is adequate.

14. Mr. Ramsey explained the need for the capacity of 16.

15. Upon information and belief, sometime prior to August 2018, Defendant Lindon City updated or supplemented its municipal code with respect to residential care facilities.

16. Lindon City Code, Section 5.42 addresses licensure requirements for residential care facilities.

17. Lindon City Code, Section 5.42.040 establishes a "temporary" licensure mechanism in which an applicant who otherwise satisfies the criteria, terms and conditions of the chapter, may be granted this temporary license.

18. Lindon City Code, Chapter 17.70, Residential Care Facilities, sets forth the standards for review of a group home application.

19. Lindon City Code, Section 17.70.030 states, in part: A Residential Care Facility shall be a permitted use in all residential, commercial, and mixed commercial zones.

20. Prior to approval of the site plan, the owner/operator of a Residential Care Facility shall obtain a Residential Care Facilities Business License from Lindon City.

21. Lindon City Code, Section 17.70.060 provides a process for an applicant to make a request for a reasonable accommodation.

22. The Code provides that the request goes to the Planning Commissioner which conducts an informal hearing and issues a written decision.

23. On August 16, 2018, a Reasonable Accommodation Request hearing was held before Lindon City Planning Director Hugh Van Wagenen.

24. Plaintiff Harper appeared at the hearing and provided information relating to the residence.

25. Plaintiff Harper did not repeat or read each piece of evidence which had been previously provided to Defendant Lindon City, as described herein.

26. According to Joint Statement of the Department of Housing and Urban Development and the Department of Justice, dated November 10, 2016, the government must show that granting the accommodation would impose an undue financial and administrative burden on the local government or would fundamentally alter the local government's zoning scheme.

27. Plaintiff Harper advised the Planning Commissioner that this was the appropriate standard to apply to the request for reasonable accommodations.

28. Defendant Lindon City did not apply this standard.

29. Instead, Defendant Lindon City created its own self-serving "standard of proof."

30. In his decision dated August 24, 2018, Mr. Van Wagenen stated that Plaintiff Harper had failed to meet the burden of proof regarding the "necessity" of having 16 potential occupants.

31. Exhibit B to the Denial of Request for Reasonable Accommodation outlines the requirements of Lindon City Code, Section 17.70.030.

32. Mr. Van Wegenen cites that "no site plan has been provided" when, in fact, the site plan was submitted to him, in person, on November 16, 2017.

33. Mr. Van Wegenen cites that no business license had been issued from Lindon City pursuant to the requirements of Chapter 5.42, but ignores Section 5.42.040 which provides for temporary licensure so that the City business license could be procured.

34. Defendant Lindon City is playing a "chicken and egg" game with its conflicting procedures to have a business license and a residential care facilities license, while at the same time ignoring the site plan and the statutory authority to issue a temporary license.

35. Mr. Van Wegenen cites the City Code which states that no residential care facility shall exceed eight residents.

36. Defendant Lindon City's code limiting group homes to 8 residents violates the Fair Housing Act.

37. Mr. Van Wagenen also wrote: "While it is not the City's position that the term "fully handicap accessible" as used in Sec. 17.70.030 requires the applicant to meet ADA compliance for a structure built for a public accommodation or commercial purposes, the code

38. clearly requires a structure to meet all building codes and safety regulations that are applicable for a single-family structure or similar dwelling. This would include ADA requires. . ."

39. Plaintiff Harper advised the Planning Commissioner that he could accommodate physically disabled people at his other facility in Mapleton, Utah.

40. Upon information and belief, there are many residential rehabilitation centers in Utah which are not ADA compliant, and in some instances, refer to other facilities as needed.

41. Those include: The Cirque Lodge, Chateau, Renaissance Ranch, Deer Hollow and more.

42. Defendant Lindon City has indicated to Plaintiff Harper that he may need to install an elevator into the home and make other modifications as they deem necessary.

43. The Denial of Request for Reasonable Accommodation is illegal in that it violates the Fair Housing Act.

44. As a result of Defendant Lindon City's refusal to accommodate individuals protected under the Federal Fair Housing Act, Plaintiff Harper has been damaged.

## CLAIMS FOR RELIEF

## COUNT I

### (42 U.S.C. § 3604(f)(1) - Fair Housing Act)

45. In 1988, Congress amended the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* to extend the guarantee of fair housing to handicapped individuals. Congress also authorized the Secretary of the United States Department of Housing and Urban Development to promulgate regulations to implement the Fair Housing Act. 42 U.S.C. § 3614a.

46. Under the Fair Housing Act, the term "handicap" means, with respect to a person, a "physical or mental impairment which substantially limits one or more of such person's major life activities, a record of such an impairment, or being regarded as having such an impairment," 42 U.S.C. § 3602(h). The term "physical or mental impairment" includes "alcoholism" and "drug addiction" (other than addiction caused by current, illegal use of a controlled substance)." 24 C.F.R. § 100.201.

47. Under the Fair Housing Act, it is unlawful to discriminate against or otherwise make unavailable or deny a dwelling to any buyer or renter because of a handicap of that buyer, renter, or person residing in or intending to reside in that dwelling after it is sold, rented, or made available. 42 U.S.C. § 3604(f)(1).

48. The Fair Housing Act further provides that it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person or persons residing in or intending to reside in that dwelling after it is sold, rented, or made available. 42 U.S.C. § 3604(f)(2).

49. The federal regulations implementing the Fair Housing Act further make it unlawful because of a handicap, "to restrict or attempt to restrict the choices of a person by word or conduct in connection with seeking, negotiating for, buying or renting a dwelling so as to . . . discourage or obstruct choices in a community, neighborhood or development." 24 C.F.R. § 100.70(a).

50. Defendant Lindon City ordinances noted herein facially discriminate against Plaintiff.

51. Defendant Lindon City is violating Plaintiff's rights under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*, and its implementing regulations by: denying and otherwise making housing unavailable to people because of their disability; denying reasonable accommodations in rules, policies, or practices so as to afford people with disabilities an equal opportunity to live in a dwelling; limiting Plaintiff in renting housing to individuals who have a disability; interfering with the right of Plaintiff to live in dwelling of their choice; interfering with the right of association, discriminating against Plaintiff by disparate treatment; discriminating against Plaintiff by implementing and enforcing local ordinances that have a disparate impact of law, practice or policy; and retaliating against Plaintiff, its managers and residents because of their exercise of their fair housing rights.

52. Defendant Lindon City's municipal code Chapter 17.70, Residential Care Facilities, provide that no Residential Care Facility shall exceed 8 occupants.

53. Defendant Lindon City's municipal code Chapter 17.70, Residential Care Facilities, provide that prior to the approval of a site plan, a Residential Care Facilities Business License must be obtained from the City pursuant to Chapter 5.42.

54. Defendant Lindon City's municipal code Chapter 5.42, Residential Care Facility Business License, provides that a business license is required – Section 5.42.030.

55. Section 5.42.040 provides for temporary licensure for a Residential Care Facility as described in Chapter 17.70, but Defendant Lindon City did not utilize this portion of the statute.

56. Defendant Lindon City's municipal code Chapter 5.42, Residential Care Facility Business License, and section Chapter 17.70 Residential Care Facility, each require a business license that is a pre-requisite to the other.

57. Chapters 5.42 and 17.70 are discriminatory on its face in the following respects: limiting the number of occupants in a Residential Care Facility to eight (8); failing to incorporate the proper legal standard in Section 17.70.060, reasonable accommodations; and, providing circularity in the process of obtaining a site plan (Section 17.70.030) and business license (Section 5.42.050) so that each is a pre-requisite of the other;

58. The Court should enter and order a Declaration that Lindon City's municipal code Chapter 5.42, Residential Care Facility Business License and Chapter 17.70 Residential Care Facility; is discriminatory on its face.

## COUNT II

**(42 U.S.C. § 1983: Free Speech and Due Process)**

59. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

60. Residential rehabilitation facilities provide a unique opportunity for residents to form intimate associations with one another that promotes a way of life.

9

61. Recovery housing is small in size, have an identifiable purpose, are selective in their membership and seek privacy from the public eye.
62. The family environment and shared goals enable recovering individuals to offer emotional support, share knowledge, teach skills, provide practical assistance and connect Recovery housing "is in and of itself" an integral component of recovery. Residential recovery environments are necessary for sobriety and addiction recovery because recovering addicts would suffer substantial limitations and risk of relapse.
63. Residential recovery housing is often peer-led. This social model of recovery helps individual relearn how to organize their lives, interact with others and participate in community-based recovery activities.
64. Residential recovery housing provides individuals with substance use disorders a greater chance of achieving long-term recovery than those who do not live in recovery-oriented environments.
65. Residential recovery environments are necessary for sobriety and addiction recovery.
66. Residential recovery environments foster sobriety, and encourage trust and camaraderie between residents that is necessary for recovery.
67. Access to residential recovery housing "is inherent in and an integral part of" the right to housing.
68. Recovery housing provides housing and peer support in a family-like environment for recovering addicts who are working toward their shared recovery goals.

69. A fundamental element of personal liberty is the right to choose to enter into and maintain certain intimate human relationships. These intimate human relationships are considered forms of "intimate association."
70. The paradigmatic example of "intimate association" is the family.
71. Residential recovery facilities enable individuals to choose to associate and live in recovery with other addicts as a family.
72. The ordinance on its face and as applied or threatened to be applied, is an unconstitutionally overbroad restriction on expressive activity and liberty interest.
73. The ordinance on its face and as applied or threatened to be applied, is an unconstitutionally vague restriction on expressive activity and liberty interest.
74. The ordinance on its face and as applied or threatened to be applied, does not serve a significant governmental interest.
75. The ordinance on its face and as applied or threatened to be applied, is neither narrowly tailored nor the least restrictive means to accomplish any permissible governmental purpose sought to be served by the legislation.

## COUNT III
### (42 U.S.C. Section 1983: 14th Amendment – Equal Protection)

76. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.
77. Plaintiff is a member of a protected class.
78. The ordinance, on its face and as applied or threatened to be applied, violates the Equal Protection Clause of the Fourteenth Amendment.

79. Specifically, but not exclusively, the ordinance identifies a class of disabled individuals which upon which it imposes restrictions and requirements that are not imposed on others.

80. Lindon City did this for purpose of frustrating housing rights so as to keep "unwelcome people" from residing in the city.

81. Lindon City has no compelling interest justifying the creation of business license requirement and cannot show that it is necessary to serve any legitimate governmental interest.

82. These classifications have a direct bearing on the fundamental interest in free speech.

83. Lindon City has no compelling interest justifying the creation of these class requirements and cannot show that these classifications are necessary to serve any legitimate governmental interest.

## COUNT V

### (42 U.S.C. Section 1983 - 5th and 14th Amendment – Due Process)

84. Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

85. Plaintiff has a personal property interest in the sober living homes at issue.

86. Defendants, their employees and agents, owed Plaintiffs a duty under the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution to protect Plaintiff's personal property.

87. Defendant's actions as alleged herein shock the conscious and offend the community sense of fair play.

88. Plaintiffs are informed and believe that the acts of the Defendants, its employees and agents, were intentional in apply the wrong standard and denying the applications so as to deny protection and preservation of Plaintiffs' property rights, and that, at minimum, Defendants were deliberately indifferent to those rights.

89. The denial has amounted to a seizure and interference with the personal property of the Plaintiffs without due process, lawful justification, or just compensation.

90. As a direct and proximate consequence of the acts of Defendants' agents and employees, Plaintiff has suffered and continues to suffer loss of its personal property and is entitled to compensatory damages for the property and other injury to their person.

## COUNT VI

**(1983 – Municipal Liability – Policy or Custom)**

91. All of the acts complained of herein were caused by "a policy statement, ordinance, regulation or decision officially adopted or promulgated . . . [or for] deprivations visited pursuant to a governmental custom."

92. It is a crime for one or more persons acting under color of law willfully to deprive or conspire to deprive another person of any right protected by the Constitution or laws of the United States. (18 U.S.C. §§ 241, 242). "Color of law" simply means that the person doing the act is using power given to him or her by a governmental agency (local, State, or Federal).

93. The city has engaged in a pattern and practice of conduct that deprives persons of rights protected by the Constitution or laws of the United States. (42 U.S.C. § 14141).

94. As a result, Plaintiff has been damaged and is entitled to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court: (a) Enter judgment against the defendant; (b) Enter a declaratory judgment declaring the acts of the defendant to be a violation of plaintiff's constitutional rights to freedom of speech, equal protection, and due process; (c) Issue a declaratory judgment declaring that Lindon City Code is unconstitutional on its face; (d) Issue a declaratory judgment declaring that Lindon City Code is unconstitutional as enforced and as applied; (e) Issue preliminary and permanent injunction enjoining defendants, their agents, servants, employees, officers from enforcing Lindon City Code; (f) Award plaintiff costs, interest and reasonable attorneys' fees for this action pursuant to 42 U.S.C. §1988 and other relevant statutes; and, (g) Order such other and further relief as the Court deems just and proper under the circumstances.

## PLAINTIFF HEREBY DEMAND A JURY TRIAL

DATED this 16th day of December, 2018.

                                          TED MCBRIDE LAW OFFICE

                                          S/ Edward McBride

                                          _____
                                          Edward W. McBride, Jr.
                                          Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached First Amended Complaint in Case No. 2:18CV00772 before the United States District Court, State of Utah, Central Division, was served upon the parties listed below via electronic notification generated by the Court's CM/ECF system on the 16th day of December, 2018.

**Counsel for Defendant**
JODY K BURNETT (0499)
ROBERT C. KELLER (4861)
**SNOW CHRISTENSEN & MARTINEAU**
jkb@scmlaw.com
rck@scmlaw.com