# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GEORGE E. HARPER, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>LINDON CITY, a Utah municipal corporation, and HUGH VAN WAGENEN, a Utah resident,<br><br>    Defendants, and<br><br>FAIR CARE LINDON, LLC,<br><br>    Defendant in Intervention. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-CV-00772-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff George E. Harper's Motion for Voluntary Dismissal and for Expedited Hearing pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Because the court concludes that oral argument would not significantly aid in its determination of the motion, the court issues the following Memorandum Decision and Order based on the memoranda submitted by the parties and the law and facts relevant to the motion.

## BACKGROUND

This suit arises from Plaintiff George E. Harper's ("Harper") request for a reasonable accommodation under the Fair Housing Act ("FHA"). In November 2017, Harper purchased a home (the "Property") located in Lindon, Utah with the intent of turning the Property into a residential inpatient treatment facility. In order to open the facility, Harper submitted a land use application to Defendants Lindon City and Hugh Van Wagenen, the City Planning Director

(collectively, the "City"), wherein he sought a reasonable accommodation under the FHA by asking the City to waive its eight-person limit on the number of unrelated people that can live together in a residential facility for disabled individuals in the City's R1-12 zone. Specifically, Harper requested that the City permit him to house sixteen unrelated patients at the facility at a time. A group of city residents who own homes and live near the Property (Intervenor Defendant Fair Care Lindon, LLC ("Fair Care")), however, hired counsel and submitted an opposition to Harper's request. After reviewing the materials submitted by Harper and Fair Care and holding a hearing on the matter, the City denied Harper's request. Instead of appealing that denial, Harper filed suit in this court alleging that the City had violated the FHA and 42 U.S.C. § 1983. In due course, Fair Care filed a motion to intervene, which the court ultimately granted. Eventually, Harper filed a motion for preliminary injunction seeking to enjoin various provisions of the City's code to allow him to open the facility at the Property. However, after holding an evidentiary hearing, the court denied Harper's motion for preliminary injunction.

## DISCUSSION

Harper now moves to voluntarily dismiss this case without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Rule 41(a)(2) provides:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). This rule is "designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)). Whether a voluntary dismissal would unfairly affect the

opposing party is a matter that falls within the district court's discretion. *Id.* Yet, "[a]bsent 'legal prejudice' to the defendant, the district court normally should grant" voluntary dismissals under Rule 41(a)(2). *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). The Tenth Circuit has opined that "prejudice is a function of . . . practical factors," which include "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Brown*, 413 F.3d at 1124 (quoting *Ohlander*, 114 F.3d at 1537). These factors, however, are "neither exhaustive nor conclusive," and "the court should be sensitive to other considerations unique to the circumstances of each case." *Id.* Ultimately, "[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties." *Id.* (quoting *County of Santa Fe v. Public Serv. Co.*, 311 F.3d 1031, 1048 (10th Cir. 2002)).

Here, the City does not oppose Harper's motion, but Fair Care does. Fair Care contends that it will suffer legal prejudice if the court grants the motion. More specifically, Fair Care avers that (1) it has undergone a tremendous amount of effort and expense in opposing Harper's request for a reasonable accommodation; (2) Harper has engaged in excessive delay and a lack of diligence in pursuing his case; and (3) Harper has offered no explanation for his desire to dismiss the case. Furthermore, Fair Care is concerned that Harper's voluntary dismissal of the case without prejudice is simply an attempt to avoid an imminent summary judgment and preserve the opportunity to file another accommodation application in the future.

Conversely, Harper argues that because there are no counterclaims, cross-claims, or third-party claims, his motion should be granted. He points to the fact that he did not file suit against Fair Care, and the City has consented to the case's dismissal. In addition, Harper claims that he

3

has voluntarily withdrawn the land use application to the City, which is the basis of this suit.[1]
That withdrawal, he claims, renders the present case moot.[2]

The court concludes that Fair Care will not suffer legal prejudice by the court granting Harper's motion. As a preliminary matter, "in the context of a Rule 41(a)(2) dismissal of a claim, prejudice is generally evaluated as to the party *against whom the claim is asserted*." *Cohen v. DHB Indus., Inc.*, 658 F. App'x 593, 595 (2d Cir. 2016) (unpublished) (emphasis added). Here, Harper has only asserted claims against the City, not Fair Care. As Harper points out, there are no counterclaims, cross-claims, or third-party claims involving or asserted by Fair Care in this case. Thus, because the City consents to the dismissal and has articulated no way in which it would be prejudiced by the dismissal, the court may well end the inquiry there. Nevertheless, even considering Fair Care's prejudice arguments, the court concludes that Fair Care will not suffer legal prejudice if the court grants Harper's motion. First, "[p]rejudice does not arise simply because a second action has been or may be filed against the defendant." *Brown*, 413 F.3d at 1124; *see also Holyoke Investments Ltd. v. Bell*, No. 89-4152-S, 1989 WL

---

[1] Fair Care contends that Harper cannot unilaterally withdraw his land use application because that application has been finally adjudicated through the City's administrative procedures. Importantly, Harper opted to not appeal the City's decision. Consequently, Fair Care avers that the City's decision denying his request for a reasonable accommodation is now final, non-appealable, and subject to the full force and effect of res judicata. While the court need not address this argument substantively because it is immaterial to deciding the present motion, the court notes that under Utah law, res judicata "applies to administrative adjudications . . . when an administrative agency has acted in a judicial capacity in an adversary proceeding to resolve a controversy over legal rights." *Career Serv. Review Bd. v. Utah Dep't of Corr.*, 942 P.2d 933, 938 (Utah 1997). The court recognizes that the City's decision falls within this category. Nevertheless, to say that res judicata precludes Harper from ever seeking a reasonable accommodation of any type at the Property again is simply too speculative and overreaching. Indeed, it is possible that Harper could submit another land use application for the Property in the future in which he seeks accommodations distinct from the current application and based on different facts.

[2] Fair Care argues that this case does not become moot by Harper withdrawing his land use application. It cites to the Supreme Court's decision in *Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) wherein the Court concluded that "[t]he voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." Here, Fair Care claims that this case is not truly moot because Harper could simply resume his attempts to obtain accommodations in the future by filing new applications. Again, however, the court finds this argument immaterial for purposes of resolving Harper's voluntary motion to dismiss. Accordingly, the court finds no reason to entertain it further.

161440, at *1 (D. Kan. Dec. 20, 1989) (unpublished) (granting the plaintiff's Rule 41(a)(2) motion because the prospect of a second lawsuit at some point in the future did not constitute legal prejudice). Therefore, to the extent that Fair Care claims legal prejudice based on the possibility of Harper filing another application for an accommodation in the future, that argument fails. Second, although Fair Care has spent a significant amount of time and money in opposing Harper's land use application for the Property, it voluntarily chose to do so. Unlike the typical situation where a plaintiff's suit has forced a defendant into expending numerous resources in its defense, Fair Care unilaterally and willingly chose to participate in this litigation. Thus, the legal prejudice that Fair Care claims it has suffered in the way of time and resources, was, in effect, self-imposed.

Third, the court is not persuaded by Fair Care's claims that Harper has failed to (1) diligently pursue his claims and (2) give a legitimate reason for wanting to dismiss his claims. Again, such arguments seem more fitting for when the party opposing a plaintiff's Rule 41(a)(2) is the defendant. Moreover, Fair Care's first argument entirely overlooks the unforeseen circumstances that required Harper to obtain new counsel.

Finally, the court is wary of allowing an intervenor to force a plaintiff and a defendant to continue litigating a case where *both parties* are in favor of its dismissal. Indeed, under the circumstances here, to allow Fair Care to compel the continuation of this case would be unjust and illogical. This is especially true given that Fair Care's concerns about Harper's future actions regarding the Property are entirely speculative in nature. As such, the court concludes that Harper's request to voluntarily dismiss this case should be granted.

## CONCLUSION

Based on the foregoing reasoning, Harper's Motion for Voluntary Dismissal and for Expedited Hearing is GRANTED in part and DENIED in part. Harper's Motion for Voluntary Dismissal without prejudice is GRANTED, and his request for an expedited hearing is DENIED. Accordingly, the hearing scheduled for November 25, 2019 concerning the present motion is hereby stricken, and this case is now closed. Each party to bear its own costs and fees.

DATED this 18th day of November, 2019.

BY THE COURT:

*/s/ Dale A. Kimball*
DALE A. KIMBALL
United States District Judge