# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **GEORGE E. HARPER**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**LINDON CITY**, a Utah municipal corporation, and **HUGH VAN WAGENEN**, a Utah resident,<br><br>Defendants, and<br><br>**FAIR CARE LINDON, LLC**,<br><br>Defendant in Intervention. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-CV-00772-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Intervenor-Defendant Fair Care Lindon, LLC's Motion to Reconsider Order Granting Motion for Voluntary Dismissal and to Set Aside Judgment pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure. Because the court concludes that oral argument would not significantly aid in its determination of the motion, the court issues the following Memorandum Decision and Order based on the memoranda submitted by the parties and the law and facts relevant to the motion.

## BACKGROUND

This suit arose from Plaintiff George E. Harper's ("Harper") request for a reasonable accommodation under the Fair Housing Act ("FHA"). In November 2017, Harper purchased a home (the "Property") located in Lindon, Utah with the intent of turning the Property into a residential inpatient treatment facility. In order to open the facility, Harper submitted a land use

application to Defendants Lindon City and Hugh Van Wagenen, the City Planning Director (collectively, the "City"), wherein he sought a reasonable accommodation under the FHA by asking the City to waive its eight-person limit on the number of unrelated people that can live together in a residential facility for disabled individuals in the City's R1-12 zone. Specifically, Harper requested that the City permit him to house sixteen unrelated patients at the facility at a time. A group of city residents who own homes and live near the Property (Intervenor-Defendant Fair Care Lindon, LLC ("Fair Care")), however, hired counsel and submitted an opposition to Harper's request. After reviewing the materials submitted by Harper and Fair Care and holding a hearing on the matter, the City denied Harper's request.

Instead of appealing the City's denial, Harper filed suit in this court alleging that the City had violated the FHA and 42 U.S.C. § 1983. After Harper filed the suit, Fair Care filed a motion to intervene, which the court ultimately granted. Eventually, Harper filed a motion for preliminary injunction seeking to enjoin various provisions of the City's code to allow him to open the facility at the Property. However, after holding an evidentiary hearing, the court denied Harper's motion for preliminary injunction. Following the court's denial of Harper's motion for preliminary injunction, Fair Care and the City moved for summary judgment. Prior to opposing the motions, Harper moved to voluntarily dismiss this case without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. While the City did not oppose dismissal, Fair Care filed an opposition arguing, among other things, that it would suffer legal prejudice if the court were to grant the motion. After reviewing the parties' briefing, the court granted Harper's motion and dismissed the case without prejudice.

**DISCUSSION**

Fair Care now asks the court to reconsider its decision in granting Harper's motion for voluntary dismissal and requests that the court set aside the judgment. Rule 59(e) of the Federal Rules of Civil Procedure permits a party to file a motion to alter or amend a judgment after it has been entered by the court. "Motions to reconsider, to the extent such motions are recognized, are disfavored." *In re: Grass Valley Holdings, L.P. Garth O. Green Enterprises, Inc. v. Harward*, No. 2:15-AP-2141, 2016 WL 4444750, at *2 (D. Utah Aug. 22, 2016) (unpublished). This is so because "once the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). Accordingly, the Tenth Circuit has "restricted district courts' discretion when ruling on motions based on Rule 59(e)." *Id.* As such, a district court may grant a Rule 59(e) motion when it has "misapprehended the facts, a party's position, or the law," and the specific grounds for granting such a motion include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Importantly, however, "Rule 59(e) motions are 'not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Nelson*, 921 F.3d at 929 (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).[1]

In this case, Fair care argues that reconsideration is proper based on the second and third elements. Fair Care argues that the court should reopen this case because, contrary to the court's decision, a dismissal will result in legal prejudice to Fair Care. More specifically, Fair Care

---

[1] While Fair Care moves under both Rule 59(e) and Rule 60, the substance of Fair Care's motion focuses its analysis primarily under Rule 59(e). Indeed, Fair Care requests that the judgment be set aside for the exact same reasons that it argues the court should reverse its ruling dismissing the case without prejudice. Therefore, the court will limit its analysis to Rule 59(e).

argues that (1) the court must address the relief it affirmatively requested in its answer; (2) the court must consider new evidence that demonstrates that Harper is still planning on opening a residential inpatient treatment facility at the Property despite the City's denial of his request for accommodation; (3) its status as an intervenor is entirely irrelevant to the prejudice analysis; (4) the court should have imposed curative conditions to minimize the prejudice Fair Care will suffer; and (5) dismissal without prejudice deprives Fair Care of the relief it sought through summary judgment.[2] The court will address each argument in turn.

In concluding that dismissing this case would not result in legal prejudice to Fair Care, the court noted that "there are no counterclaims, cross-claims, or third-party claims involving or asserted by Fair Care in this case." Mem. Decision and Order [ECF No. 66], at 4. Fair Care now contends that this was incorrect. It points to the Prayer for Relief in its answer where it asked "that a declaratory judgment be entered that the City Code does not violate the Fair Housing Act and that the City Code and/or the City's decision on Mr. Harper's accommodation request was lawful; that Mr. Harper be permanently enjoined from violating the City Code." Intervenor's Answer to First Am. Compl. [ECF No. 34], at 20. This request for affirmative relief, Fair Care contends, is the functional equivalent of a counterclaim and should be treated as such. To support that proposition, Fair Care cites a case from the Second Circuit wherein the court noted that, "[a]rguably," the defendant's "inclusion, in the prayer for relief of its answer, of a request for a declaration that [it] own[ed] all copyright rights in [its books] function[ed] as a counterclaim." *Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149, 164 (2d Cir. 2003). Fair Care also cites to Federal Rule of Civil Procedure 8(c)(2), which provides that

---

[2] Fair Care also argues that the case is not moot. However, the court never concluded in its dismissal order that this case is moot, nor does it so conclude in this decision. Accordingly, the court will not address Fair Care's mootness arguments.

4

"[i]f a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated."

The court finds Fair Care's arguments to be unpersuasive. First, it still remains true that there are no counterclaims, cross-claims, or third-party claims involving or asserted by Fair Care in this case. And although Fair Care urges the court to construe its Prayer for Relief as a counterclaim, the court rejects the opportunity to do so. The court is persuaded that if Fair Care had desired to assert a counterclaim against Harper, it should have done so well before this point of the litigation. Indeed, at the very least, it is an argument that Fair Care should have raised in its opposition to Harper's motion for voluntary dismissal.[3] Thus, given that it is inappropriate to raise new arguments on a Rule 59(e) motion that could have been raised in prior briefing, the court is unpersuaded by Fair Care's new characterization of its Prayer for Relief. Second, as for Fair Care's reliance on *Edgar Rice Burroughs*, that authority is not binding on this court. And,

---

[3] Fair Care makes much ado about the timeline in this case. It contends that because the court had previously granted Harper relief *sua sponte* within 24 hours of filing, that it was forced to "cobble[] together a rushed opposition" which "prejudiced its ability to accurately identify all the issues and properly brief the Court on them." Mot. to Reconsider [ECF No. 68], at 2. Fair Care suggests that because the court granted Harper's motion four days after it was filed, the court's decision was "unnecessarily expedited." *Id.* at 5 n.5. Fair Care further claims that it was deprived of the 14-day time period to respond to Harper's motion to dismiss. *Id.* The court finds Fair Care's contentions unavailing. First, when granting Harper relief within 24 hours of filing, the court was dealing with a motion for extension of time for Harper to find new counsel—not a motion to dismiss. Moreover, the implication that Fair Care was required to hastily file a response to Harper's motion to dismiss due to the process surrounding previous motions in this case is belied by the fact that after Harper filed a motion for preliminary injunction, Fair Care had and took a full month to respond. Therefore, given the distinct nature of a motion to dismiss as compared to a motion for extension of time and the history of this case permitting Fair Care ample time to respond to dispositive motions, the court finds Fair Care's reasoning for hurriedly filing its opposition to be unconvincing. Second, and most importantly, the court ruled on Harper's motion to dismiss within a quicker time period because Fair Care filed an opposition only a few hours after Harper filed his motion. Indeed, Harper's motion was essentially fully briefed the same day that it was filed. The court thus saw no need to delay in issuing a decision given that Harper and Fair Care had filed their respective positions. In light of that fact, the court finds Fair Care's assertion that it was deprived of its 14-day response time to be rather perplexing. To the extent it suggests that it should have been allowed to file a second opposition, nothing in either the Federal Rules of Civil Procedure or the Local Rules permits such a practice, and, as such, the court did not expect one. Lastly, despite Fair Care's contention that it was rushed into filing its opposition, it never made any attempt to contact or notify the court to express any concern regarding an expeditious resolution. Instead, Fair Care simply made the decision to quickly respond and submit an opposition. The court is therefore unpersuaded by Fair Care's argument that "the haste of the process prejudiced its ability to accurately identify all the issues and properly brief the Court on them" because Fair Care voluntarily contributed to that haste. *Id.* at 2.

in any event, the Second Circuit's statement that the request for a declaration in the defendant's prayer for relief "arguably" functioned as a counterclaim does not propound a clear-cut rule for that to always be the case. Lastly, Fair Care's reliance on Rule 8(c)(2) is misplaced. Rule 8(c)(2) focuses on the mischaracterization of defenses and counterclaims. In this case, Fair Care did not mistakenly designate one of its defenses as a counterclaim. Rather, it now claims that its Prayer for Relief functions as a counterclaim. Given that Rule 8(c)(2) makes no mention of situations when a party mistakenly designates a counterclaim as a prayer for relief, the court is not persuaded that Rule 8(c)(2) supports Fair Care's position.

Next, when the court dismissed this case, the court determined that Fair Care's concerns about Harper's future actions regarding the Property were entirely speculative in nature. Fair Care now contends that the court must consider new evidence that, despite Harper's representations, he is still actively moving toward opening an inpatient treatment facility at the Property. In other words, Fair Care claims that Harper's future use of the property is not speculative, but is clear in light of two new pieces of evidence. First, Fair Care points out that, within a few days after the court dismissed the case, Harper appeared on television to announce that a facility would be opening at the Property sometime in the beginning of 2020. Second, Fair Care points to a statement on Harper's website that, as of December 5, 2019, stated, "LINDON FACILITY OPENING SOON!" In response, Harper clarifies that he did not personally appear on television, but conceded that what of his employees did. Nevertheless, he claims that he has instructed his employee to not repeat such statements. As for the website, Harper contends that the statement has been on the website for over two years and has since been removed.

Just as it determined when it dismissed this case, the court once again concludes that Fair Care's concerns regarding Harper's actions at the Property are too speculative to merit reopening

this case.  Harper has not reapplied for a new permit, and he is still investigating what to do with the Property.  Nothing in Fair Care's motion changes those facts.  Accordingly, the court is unpersuaded that Fair Care's new evidence calls into questions the court's dismissal order.

As for Fair Care's third argument, it takes issue with the court's analysis based on Fair Care's status as an intervenor.  Fair Care contends that it has suffered legal prejudice because Harper brought this issue to it by allegedly violating zoning laws, not the other way around.  Indeed, Fair Care avers that its participation in this litigation was inevitable, if not required, and that it should not be penalized for Harper's failure to name it as a necessary defendant.  The court finds Fair Care's arguments to be without merit.  While it is true that this case arose due to Harper attempting to open a treatment facility at the Property, it is unclear what, if any, cause of action Harper could have asserted against Fair Care to make it a defendant in this case from the beginning.  Fair Care has no authority to establish and enforce zoning regulations for the City—that authority lies exclusively with the City.  Accordingly, it would have made little sense for Harper to bring an action against an organization that lacks any authority or ability to decide whether he obtains the permit he desires.  Moreover, when viewing the allegations in the Amended Complaint, it is clear that Harper's real issues were with the City and the City Code, not Fair Care.[4]

In addition, as the court noted in its dismissal order, Fair Care voluntarily moved to intervene in this case.  Recognizing that Fair Care had a legitimate interest, the court granted Fair Care's motion to intervene.  Despite that intervention, Harper never asserted any claims against

---

[4] It is also worth noting that it is "a basic principle . . . of procedure . . . that the plaintiff controls [his or] her case." *Bynum v. Maplebear Inc.*, 209 F. Supp. 3d 528, 542 (E.D.N.Y. 2016).  Thus, the fact that Harper did not include Fair Care in his complaint is of no moment; he had the power to decide against whom he would file suit.  That said, a plaintiff's control over his or her case is obviously limited in various ways including that an intervenor can take part in a case without having been named by the plaintiff, as is the case here.

7

Fair Care, and "in the context of a Rule 41(a)(2) dismissal of a claim, prejudice is generally evaluated as to the party against whom the claim is asserted." *Cohen v. DHB Indus., Inc.*, 658 F. App'x 593, 595 (2d Cir. 2016) (unpublished). Hence, although the court relied, in part, on Fair Care's status as an intervenor when dismissing this case, it relied more heavily on the fact that Fair Care asserted no crossclaims or counterclaims against Harper, nor did Harper file any claims against Fair Care.[5] Therefore, to put the court's prior reasoning for dismissal even more aptly, "the court is wary of allowing an intervenor [that has asserted no claims and against whom no claims are asserted] to force a plaintiff and a defendant to continue litigating a case where both [the plaintiff and the defendant] are in favor of its dismissal." Mem. Decision and Order [ECF No. 66], at 5. Accordingly, the court finds Fair Care's intervenor arguments to be unavailing.

Fair Care next asserts that the court committed legal error by granting Harper's motion for voluntary dismissal without imposing any curative conditions. The Tenth Circuit has opined that Rule 41(a)(2) "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)). Importantly, such "matters fall within the district court's discretion." *Id.* Fair Care argues that its "main concern" with the court's dismissal is "the waste of time, money, and resources caused by Harper allegedly withdrawing" his reasonable accommodation application when Fair Care and City were on the verge of obtaining a summary judgment ruling, only to have Harper then announce on television and his website that he is still planning to open the

---

[5] Fair Care cites to *Cty. of Santa Fe, N.M. v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031 (10th Cir. 2002) to argue that its status as an intervenor should have been irrelevant to the court's analysis. In that case, the intervening defendants appealed the district court's grant of the plaintiff's and defendant's Rule 41(a)(2) motion to dismiss with prejudice the plaintiff's lawsuit. *Id.* at 1047. The Tenth Circuit reversed the district court's decision finding that the intervenors' objections to the dismissal had merit. *Id.* at 1048–49. Importantly, however, the intervenors in that case had filed a complaint and had asserted claims against the plaintiff. *Id.* at 1034. Accordingly, *Santa Fe* is readily distinguishable from the present case given that Fair Care has asserted no claims against Harper.

8

facility. Mot. to Reconsider [ECF No. 68], at 9. Fair Care contends that Harper's actions constituted "a fraud upon the court and the judicial system."[6] *Id.* As such, Fair Care argues that the court should have imposed curative conditions such as enjoining Harper from filing another reasonable accommodation application for the same type of inpatient treatment facility or dismissing the case with prejudice as to the same type of inpatient facility.

In addressing these contentions, the court first notes that, despite Harper's claim that he has withdrawn his reasonable accommodation application, that application has already gone through the administrative adjudicative process. Thus, because the City has rendered a final administrative determination denying Harper's application, that decision will stand irrespective of Harper's purported withdrawal. Nevertheless, the City's decision in denying Harper's application does not preclude him from filing a new application in the future. Accordingly, it would be improper for the court to issue an injunction enjoining Harper from filing another application for the same type of treatment facility. To do so would result in the court usurping the City's administrative authority and its ability to control its administrative process. Put differently, the court cannot adjudicate a hypothetical, future application when that adjudicative power lies first with City, not the court. Therefore, the court concludes that Fair Care's concerns regarding Harper's future use of the property are too speculative to warrant the imposition of an injunction or dismissing the present case with prejudice.

---

[6] Rule 60(b) of the Federal Rules of Civil Procedure permits a court to set aside a judgment based upon fraud by an opposing party. Fair Care's motion suggests that the judgment in this case should be set aside because Harper allegedly defrauded the court my claiming he was withdrawing his reasonable accommodation application, but then advertising that he still planned to open the facility at the Property. The court, however, finds that Harper's alleged fraud is too speculative to warrant setting aside the judgment. While the television and website advertisements suggested that Harper intended to open a facility at the property, he has yet to file a new application and has articulated that he is still considering his options. The court is therefore not persuaded that the advertisements constituted a fraud upon the court given the uncertainty surrounding Harper's future use of the Property.

For its fifth argument, Fair Care suggests that the court's dismissal without prejudice deprived Fair Care of the relief it sought through summary judgment. Fair Care alleges that its motion for summary judgment sought a ruling that, as a matter of law, inpatient treatment in a residential neighborhood is neither therapeutically necessary nor necessary to achieve equal opportunity under 42 U.S.C. § 3604(f)(3)(B). Alternatively, it claims that its motion for summary judgment requested a ruling that Utah inpatient treatment centers are fundamentally incompatible with the legal framework for residential neighborhoods in the City's zoning laws. Finally, Fair Care suggests that had the court granted its motion for summary judgment, it would have a final and binding rule "that inpatient treatment centers are not allowed in [the R1-12] zone because no other GLAs are allowed in this zone, that inpatient treatment in residential neighborhoods is not therapeutically necessary, and/or . . . inpatient treatment centers are fundamentally incompatible with Lindon City's zoning regulations and therefore not reasonable." Intervenor's Reply [ECF No. 71], at 5.

The court, however, finds Fair Care's contentions unavailing for several reasons. First, in its motion for summary judgment, under the section entitled "INTRODUCTION AND RELIEF SOUGHT," Fair Care specifically asked that the court enter an "order granting summary judgment and dismissing all of plaintiff's claims with prejudice." Mot. for Summ. J. [ECF No. 51], at 1. Nowhere in that section does Fair Care ask for a ruling that inpatient treatment in a residential neighborhood is neither therapeutically necessary nor necessary to achieve equal opportunity or that Utah inpatient treatment centers are fundamentally incompatible with the legal framework for residential neighborhoods in the City's zoning laws. Furthermore, Fair Care overstates the relief that it would have received had the court granted its motion for summary judgment. Had the court granted that motion, the court would have, just as Fair Care sought,

dismissed Harper's claims with prejudice because of his failure to establish any of his causes of action. The grant of the motion, though, would not have stood for the broad propositions that Fair Care now suggests. And, notably, granting the motion for summary judgment and dismissing Harper claims with prejudice would not have precluded him from filing another application to use the Property.

As a final matter, the court notes that, in the event Harper engages in future conduct that violates the City's zoning laws, Fair Care will have the opportunity to file suit against him if it so chooses. As it currently stands, however, Fair Care has asserted no counterclaims against Harper in this case, and nothing in Fair Care's motion persuades the court to reconsider or set aside its dismissal order. Accordingly, the court concludes that Fair Care's motion to reconsider the court's dismissal and to set aside the judgment must be denied.

## CONCLUSION

Based on the foregoing reasoning, Intervenor-Defendant Fair Care's Motion to Reconsider Order Granting Motion for Voluntary Dismissal and to Set Aside Judgment is hereby DENIED.

DATED this 29th day of January, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge